IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP GLENN #349360    *
       Plaintiff,
                          *
   v.                         CIVIL ACTION NO. JKB-11-749
                          *
RODERICK R. SOWERS
G. K. BOWARD    *
R. SCOTT
       Defendants    *

## MEMORANDUM

Plaintiff Phillip Glenn, presently incarcerated at the Maryland Correctional Institution at Hagerstown (MCI-H), seeks money damages under the Civil Rights Act, 42 U.S.C. § 1983, complaining that he was placed on a special management meal ("food loaf") without penological justification for a two week period in December of 2010. ECF No. 1 at 4. Glenn also has filed a motion to proceed in forma pauperis, ECF No. 2, and a request for appointment of counsel.[1] ECF No. 1, Attachment at 5.

Complaints filed by self-represented litigants are construed liberally and must meet "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007). Courts must dismiss an action or claim filed that is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2). Although the court has liberally construed this complaint, the complaint fails to develop cognizable claims against the named defendants.

---

[1] Plaintiff will be granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e). Under § 1915(e)(1) a court of the United States has the discretion to request an attorney to represent any person unable to afford counsel. The appointment of counsel in such situations may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id*. For reasons apparent herein, the allegations raised in this case do not warrant appointment of counsel.

None of Glenn's assertions refer specifically to Warden Sowers. As best as can be discerned, Glenn appears to name Sowers based on his supervisory authority as warden. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has alleged no action or inaction on the part of Warden Sowers that resulted in an injury.

Glenn indicates that Officers Boward and Scott placed him on food loaf for twelve days while on segregation because he refused housing. During that time, Boward and Scott failed to provide Glenn with a notice of infraction charging him with the institutional rule. ECF No. 1 at 4.

"[I]nmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted). This

court has repeatedly held that placement on the special management meal plan ("food loaf") does not constitute cruel and unusual punishment and does not, in the absence of showing any adverse health effects, constitute an atypical and significant hardship as to deprive an inmate of a due process liberty interest. *See Chase v. Warden*, 2009 WL 2426247 (D. Md. 2009); *Doucett v. Warden, MCAC*, 2001 WL 604187 (D. Md. May 31, 2001); *see also Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977); *Adams v. Kincheloe*, 743 F. Supp. 1385, 1390-92 (E.D. Wash. 1990); *United States v. Michigan*, 680 F. Supp. 270, 274-77 (W.D. Mich. 1988); *Boyle v. Lay*, 2009 WL 4884222 (E.D. Ark. 2009) (no Eighth Amendment claim where prisoner fails to allege he was deprived of adequate amounts of food or that he became ill or suffered any physical injury attributable to the food loaf diet). While prison meals in general and special management meals in particular are without question "by no means a culinary delight," *Adams,* 743 F. Supp. at 1391, in the absence of any adverse health effects they are not a significant and atypical hardship. Plaintiff has failed to allege actual adverse impact on his health due to a limited diet of food loaf and thus cannot recover damages for a violation of the Eighth Amendment.

To the extent Glenn seeks damages for a violation of due process based on defendants' failure to following institutional directives by formally charging him with notice of a rule violation, his claim fares no better. The failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation. *See United States v. Caceres,* 440 U.S. 741 (1978); *see also Riccio v. County of Fairfax, Virginia,* 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation); *Keeler v. Pea,* 782 F.Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not

actionable under § 1983). The brief period spent on segregation status does not amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

For these reasons, the complaint will be dismissed without prejudice and without requiring service on or an answer from defendants. A separate order shall be entered forthwith.

DATED this 25th day of March, 2011.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge
